offered by the plaintiff at the old rate, which the defendants were willing to receive and pay for accordingly. In effect, the offer and acceptance of each renewal was a new contract covering merely that specific policy. The plaintiff, at his election, could have discontinued placing insurance for the defendants; and they, at their election, could have discontinued receiving it. Their transactions were independent, present ones, without entailing on either party any future obligation. We are practically asked to hold that merely because the defendants accepted a large number of policies at a rate of premium corresponding with that mentioned in the contract, to which they were not parties, they became bound to perform all its terms. Nothing done or omitted by the·defendants influenced the plaintiff's acts. He in no wise changed his position. The fact that the defendants allowed the safeguards to remain created no liability. They were under no obligation to remove them or to require their removal. By their maintenance the plaintiff was enabled to procure insurance at a rate at which he could profitably furnish it to the defendants at 95 cents. We agree with the justice below that none of the essentials were established to prove either a new agreement, or an assumption of the old one, and hence the judgment will be affirmed.

Judgment affirmed, with costs to the respondents. All concur.

---

DORNBUSH v. YOCKEL.

(Supreme Court, Appellate Term. October 25, 1899.)

APPEAL—MUNICIPAL COURTS—SUFFICIENCY OF EVIDENCE.
    A judgment on conflicting evidence will be sustained, where there is ample testimony to sustain it, and it does not appear that injustice has been done.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles E. Dornbush against J. Henry Yockel. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Albert J. Wise, for appellant.
Samuel Libenthal, for respondent.

FREEDMAN, P. J. This action was brought to recover the sum of $147.75, as the value of extra labor done and materials furnished the defendant in excavating upon certain premises in this city. No objections were made and no exceptions taken to the introduction of the testimony upon the trial. The case presents a conflict of evidence upon a question of fact, and as there is ample proof to sustain the judgment, and it not appearing that injustice has been done, the judgment must be affirmed.

Judgment affirmed, with costs. All concur.